## WELLS v. LAW et al.

### No. 15,535; December 10, 1894.

#### 38 Pac. 523.

**Pleading—Amendment.—The Action of the Court in Allowing** plaintiff to amend by inserting matters not set out in the notice of amendment served on defendants is not reversible error, where defendants were not injured thereby.

**Master and Servant—Action for Breach of Contract—Amendments.—In** an action for breach of a written contract of employment, plaintiff may amend the complaint to show that her discharge before the time agreed on therein had caused a loss of certain profits, which, by a collateral oral agreement with defendant, she was entitled to receive from each customer, such loss being in the nature of consequential damages.

APPEAL from Superior Court, Alameda County; F. W. Henshaw, Judge.

Action by Alice Wells against Hartland Law and Herbert E. Law for breach of contract. Judgment for plaintiff and defendants appeal. Affirmed.

John Flourney for appellants; Gibson & Wood for respondent.

PER CURIAM.—Appeal from the judgment and an order denying a new trial. This action was brought to recover damages for the alleged breach of a written contract, which is set out at length in the complaint. Plaintiff alleges: That the defendants were engaged in business at San Francisco under the name of the Viavi Company, the business consisting in the manufacture and sale of a nostrum or remedy known as "Viavi" and other preparations, and furnishing

treatment by administering such preparations and by giving baths. November 17, 1891, defendants employed plaintiff and one Louise Keach in their said business, for the term of one year, on terms stated in the agreement. Plaintiff entered upon the performance of her contract, and, with the said Keach, was appointed by defendants as their agent in Alameda county. That, besides the consideration expressed in the agreement, the employees were to have the privilege of collecting for their own use from patients the sum of three dollars for each bath given in the treatment. That, with the consent of defendants, Mrs. Keach assigned to plaintiff her interest in the contract and business. That on the 29th of July, 1892, defendants took from plaintiff her business, and refused thereafter to furnish to her the remedies, or to permit her to conduct the business. That she thereby lost profits which she would have made under the contract, and the incidental profits from giving the baths. She recovered a verdict, and the defendants appeal.

1. After the defendants had answered, plaintiff, upon notice, asked leave to amend her complaint. The court granted leave to amend in the respects named in the notice, and also in respects in which no mention was made in the notice. It does not appear that defendants were injured by this order. Even on the trial, the amendments might have been on just terms. As no injustice was done to the defendants, we do not think they have any cause to complain.

2. The amendment complained of consisted in adding to the original complaint the allegation of the compensation for baths. Nothing is said in regard to this in the written contract. It is contended that this is adding to the written contract. Whether, by parol, an additional consideration can be established, under the circumstances, it is not necessary now to decide. It is not necessary to regard it in that light. It sets up an incidental advantage or profit which she was able to realize by reason of the contract, and which she lost by its breach on the part of defendants. It is in the nature of consequential damages. There was a very substantial conflict in the evidence upon all the issues in the case. Indeed, except as to the matter of damages, the preponderance seems very plainly in favor of the verdict. As to damages, no certain determination was possible. Plaintiff introduced evi-

dence tending to show that her profits were regularly and rapidly increasing. What she would have realized is to some extent a matter of conjecture, but the case is one in which she was entitled to an estimate of probable profits.

There was no issue in the case in regard to the removal of the office. The circumstances attending the removal were probative facts, bearing upon the issue as to whether defendants had discharged plaintiff from their employ. Upon that issue the preponderance of the evidence was decidedly with the plaintiff.

Appellant attributes to the trial judge certain peculiar ideas in regard to the power and duty of a superior judge in granting new trials. It is said that the judge was of the opinion that he should not set aside the verdict of the jury, even when it was clear to his mind that the verdict was against the weight of evidence; that he therefore refused a new trial because he thought he had no jurisdiction. This court has frequently decided against the alleged views of the learned judge, and we find no evidence in the transcript of such fact, and it is disputed by respondent. We must presume he did his duty. The judgment and order are affirmed.